No. 750
RENTEN v. STAHL CO.
No. 18629. Supreme Court
1063. SALES—Agency Commissions—Collusion with purchaser.
Before the Supreme Court upon a motion to certify. Dock. June 5, 1924. 2 Abs. 404.

The Stahl Co. brought an action to recover real estate commissions amounting to $3,202.23. The evidence disclosed that the Stahl Co. was given the exclusive agency to sell a certain piece of property belonging to the defendant up until Sept. 1, 1919. At the expiration of the sole agency the evidence was in conflict as to whether the agency was extended or not. However, during the sole agency the said property was given to other agents and brokers by the defendant Renten to deal with

the property. At the time that Renten sold the property he procured from the purchaser a covenant of indemnity protecting him against payment of commissions to plaintiff. It appears that the property was sold through the assistance of some agent other than the Stahl Co.

The jury returned a verdict in favor of the Stahl Co., whereupon the defendant, Renten, prosecuted error, claiming that the verdict was manifestly against the evidence and contrary to law. The Court of Appeals sustained the judgment, whereupon Renten filed a motion in the Supreme Court to certify the record. The principal points raised by the defendant are:

1. Is a real estate agent entitled to commissions when another agent actually closes the deal?

2. If a prospective purchaser colludes with a second agent to defraud a first agent of his commission, is the principal liable for commission to such first agent when he is in no wise a party to such collusion?

3. If an agent who has an exclusive agency which expires at an express time, does not procure a purchaser at or before such expiration, is the principal liable where he sells through another broker to a customer of such exclusive agent?

Attorneys—H. L. Deibel, for Renten; Krueger & Pelton, for Stahl Co.; all of Cleveland.

No. 751
FOLTZ GROCERY & BAKING CO.
BROWN, Secy. State
No. 18689. Supreme Court
118. AUTOMOBILES — Classification of for state licenses.
See also Court of Appeals opinion, this week's Abstract.

Before the Supreme Court of Ohio on a motion to certify. An action was brought by the Grocery Co. to enjoin the Secretary of State from enforcing the provisions of 6292 GC. as amended in 110-OL. 222, insofar as they affect heavy trucks. The amended section provided for certain taxes or license fees for the operation of motor vehicles, a certain amount per horse power and also an additional amount per hundred pounds gross weight.

The Company contends that the amendment was unconstitutional because it discriminated in its classification against certain kinds of commercial traffic and therefore was in violation of the 14th Amendment to the U. S. Constitution and in violation of Art. I, Sec. 2, of the Ohio Constitution. The Court of Appeals sustained the constitutionality of the Amendment, whereupon plaintiff prosecuted error. The principal questions for the consideration of the Supreme Court are:

1. Is the classification provided within the Amendment a reasonable classification?

2. Is the classification in violation of the State and Federal Constitutions?

Attorneys—Taft, Stettinius & Hollister, Cincinnati, for Grocery Co.; C. C. Crabbe, Columbus, for Brown.